# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| AMERICAN-AMICABLE LIFE. INSURANCE COMPANY OF TEXAS, | )<br>)<br>) |
| Plaintiff/Cross-Claim Defendant, | )<br>) |
| v. | ) No. 4:17-CV-00459-CV-DGK |
| SHELIA K. SNYDER and NIKKI J. DAVIS, | )<br>)<br>)<br>) |
| Defendants/Cross-Claim Plaintiffs/ Cross-Claim Defendants. | )<br>) |

## ORDER GRANTING DEFENDANT DAVIS'S MOTION TO DISMISS

This interpleader action involves a dispute over $100,000 of life insurance proceeds from a policy issued by Plaintiff American-Amicable Life Insurance Company of Texas ("AATX"). AATX filed a complaint in interpleader in the Circuit Court of Cass County, Missouri, against Shelia Snyder ("Snyder") and Nikki Davis ("Davis"). On June 6, 2017, the case was removed to this Court. Afterward, AATX deposited the funds into the Court's registry.

Now before the Court is Davis's motion to dismiss Snyder's cross-claim against her (Doc. 4). For the reasons stated below, Davis's motion is GRANTED.

### Factual and Procedural Background

Larry Snyder died on May 21, 2016, leaving the proceeds of a life insurance policy (the "Policy"). At the time of his death, he was in the midst of a divorce from Snyder. The Policy application listed Snyder as the designated beneficiary. Before his death, on April 5, 2015, AATX received a beneficiary change request naming Davis as the primary beneficiary. Both Snyder and Davis filed a claim with AATX for the life insurance proceeds.

On March 31, 2017, AATX filed an interpleader action in the Circuit Court of Cass County, Missouri. On May 7, 2017, Snyder answered, and asserted a counterclaim[1] against AATX requesting AATX deposit the policy proceeds with the Clerk of the Court and alleging that AATX improperly accepted a non-compliant change of beneficiary form.[2] She also asserted a cross-claim[3] against Davis alleging the beneficiary change form was forged, not voluntarily executed by Larry Snyder due to Davis's undue influence, and that Larry Snyder was "not of sound mind" at the time the form was completed.

On June 6, 2017, AATX removed this case, citing the Court's diversity jurisdiction. AATX is a Texas corporation with its principal place of business in Texas. Both Snyder and Davis are citizens of Missouri.[4]

Also on June 6, 2017, Davis filed an answer to AATX's complaint and asserted two cross-claims against Snyder: (1) requesting the Court find Davis is the beneficiary of the policy;

---

[1] She styled the counterclaim as a "counter motion in response to Plaintiff's complaint in interpleader."

[2] She also alleges the proper amount of the policy was $100,000. In its original complaint, AATX listed the value of the policy as $48,728.47. Later, in an amended complaint, AATX listed the value of the policy as $100,000 plus interest.

[3] She styled the cross-claim as a "cross motion against defendant, Nikki Davis."

[4] AATX removed this case on the basis it was a counterclaim defendant. Counterclaim defendants are not "defendants" for purposes of removal and therefore AATX was an improper party to file a notice of removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) (holding a state-court plaintiff against whom the defendant had filed a counterclaim could not remove to federal court under the statutory predecessor to 28 U.S.C. § 1441(a)). An improper party is a procedural defect in the notice of removal, not jurisdictional. *See* 28 U.S.C. § 1441; *Fin. Timing Publications, Inc. v. Compugraphic Corp.*, 893 F.2d 936, 940 (8th Cir. 1990). A motion for remand was due 30 days after the improper removal. 28 U.S.C. § 1447(c). No motion for remand was filed and the Court cannot remand sua sponte based on a procedural defect. *Fin. Timing Publications, Inc.*, 893 F.2d at 940 (district court not obligated to raise procedural defects of removal on its own motion). The Court finds the parties are diverse and that the amount in controversy exceeds $75,000 and thus, the Court has subject matter jurisdiction over this case. *See* 28 U.S.C. §§ 1332, 1441; *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996) (holding a procedural defect in removal does not affect the federal court's subject matter jurisdiction).

and (2) for defamation. On that same day, Davis filed a motion to dismiss Snyder's cross-claims. Snyder did not file a response to the motion to dismiss.

On August 8, 2017, the Court ordered Snyder to show cause why the motion to dismiss should not be granted. Snyder did not respond to the Court's Show Cause order.

**Standard**

A complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing the adequacy of a complaint, a court assumes that the factual allegations in the complaint are true and construes them in the light most favorable to the plaintiff. *Data Mfg. Inc. v. UPS, Inc.*, 557 F.3d 849, 851 (8th Cir. 2009). While courts will accept factual allegations as true, a court must "reject conclusory allegations of law and unwarranted inferences." *Silver v. H&R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997).

**Discussion**

In a diversity case, the Court must apply Missouri law as declared by the Supreme Court of Missouri and may not disregard decisions of the Missouri Court of Appeals. *Int'l Envtl. Mgmt., Inc. v. United Corp. Servs., Inc.*, 858 F.3d 1121, 1125 (8th Cir. 2017). Federal pleading standards govern despite the application of state substantive law. *Id.*

Davis moves to dismiss Snyder's cross claim against her. She doesn't state she is seeking dismissal under Fed. R. Civ. P. 12(b)(6) explicitly, but she does state that Snyder's claims fail "the pleading standard" and then argues Snyder has not pled the necessary elements of her claim. As best the Court can tell, Snyder alleges: (1) Davis committed fraud/forgery; (2) Davis exercised undue influence over Larry Snyder; and (3) Larry Snyder lacked capacity to change the beneficiary on the Policy. The Court reviews each allegation in turn.

## I. Snyder fails to state a claim for fraud/forgery.

Snyder asserts in her cross-claim the change of beneficiary form was not in Larry Snyder's handwriting, was not completed by Larry Snyder, and was modified but not initialed by Larry Snyder. Snyder Ans. at 8-9 (Doc. 1-3). The Court construes these allegations as a claim of fraud or forgery.

Rule 9(b) requires that circumstances constituting fraud be pleaded with particularity. Fed. R. Civ. P. 9(b). In the spirit of notice pleading, particularity means the complaint must allege "such matters as the time, place, and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002). In other words, the complaint must plead the "who, what, where, when, and how" of the alleged fraud. *United States ex rel. Joshi v. St. Luke's Hosp. Inc.*, 441 F.3d 552, 556 (8th Cir. 2006). "[C]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Schaller Tel. Co.*, 298 F.3d at 746.

Allegations pled on information and belief usually do not meet Rule 9(b)'s particularity requirement. *Drobnak v. Andersen Corp.*, 561 F.3d 778, 783–84 (8th Cir. 2009). Rule 9(b) is deemed satisfied if the allegations are accompanied by a statement of facts on which the belief is founded. *Id.*

Here, the cross-claim only alleges the change of beneficiary form was not in Larry Snyder's handwriting and that he did not complete it. This does not establish a basis for Davis's liability or how Davis was involved. Snyder does not allege Davis committed forgery or knew that the change of beneficiary form was forged. In fact, Snyder's cross claim provides very few clues as to Davis's involvement in the change of beneficiary form. Thus, the motion to dismiss

4

as to this allegation is granted because Snyder's allegations do not meet the pleading requirements.

**II.     Snyder fails to state a claim for undue influence.**

In Missouri, a presumption of undue influence arises when the following elements are present: (1) a confidential or fiduciary relationship; (2) the beneficiary is given a substantial benefit; and (3) the beneficiary was active in procuring execution of the document conferring the benefit. *Cima v. Rhoades*, 416 S.W.3d 320, 324 (Mo. Ct. App. 2013).

Snyder alleges Davis exercised undue influence on Larry Snyder to change the beneficiary on his life insurance policy. Snyder is silent as to the first element. She does not allege what the relationship is, if any, between Larry Snyder and Davis, let alone that the relationship is confidential or fiduciary. Because Snyder has not pled the first element, her claim fails and the motion to dismiss is granted.

**III.    Snyder fails to state a claim that Larry Snyder lacked capacity to change his life insurance beneficiary.**

Snyder makes vague assertions in her cross-claim that the Court construes as an allegation that Larry Snyder lacked capacity to modify his life insurance beneficiary. For example, Snyder alleges, "Larry E. Snyder was not himself in the days leading up to this alleged beneficiary change" and "Larry E. Snyder was not of sound mind to make any changes to put into effect the alleged change in beneficiary." Snyder Ans. at 9.

Under Missouri law, the test for determining whether a person has sufficient mental capacity to change his beneficiary is the same test used for determining if a testator has the capacity to execute a will. *See Rapp v. Rapp*, 238 S.W.2d 80, 91 (Mo. Ct. App. 1951). The test for testamentary capacity is:

> A [testator] is shown to have testamentary capacity when the evidence reveals that, at the time of the execution of the will or codicil, the [testator] understood the ordinary affairs of life, the value and extent of [his] property, the persons who are the natural objects of [his] bounty, and that [he] is giving [his] property to the persons mentioned in the will or codicil in the manner stated.

*Dorsey v. Dorsey*, 156 S.W.3d 442, 446 (Mo. Ct. App. 2005).

Snyder does not allege Larry Snyder did not understand the ordinary affairs of life or the value of his property. The Court finds Snyder has not alleged facts that state a claim for relief. Snyder's vague allegation that Larry Snyder "was not himself" and "was not of sound mind" does not sufficiently state he lacked capacity to execute a change of beneficiary.

## Conclusion

For the reasons stated above, the motion to dismiss Snyder's cross-claim against Davis (Doc. 4) is GRANTED.

**IT IS SO ORDERED.**

Date: August 30, 2017         /s/ Greg Kays
                                                   GREG KAYS, CHIEF JUDGE
                                                   UNITED STATES DISTRICT COURT