UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS, | ) ) ) | |
| Plaintiff/Cross-Claim Defendant, | ) ) | |
| v. | ) ) | No. 4:17-CV-00459-DGK |
| SHELIA K. SNYDER and NIKKI J. DAVIS, | ) ) ) ) | |
| Defendants/Cross-Claim Plaintiffs/ Cross-Claim Defendants. | ) ) | |

## ORDER ENTERING JUDGMENT AGAINST DEFENDANT SNYDER

This interpleader action involves a dispute over $100,000 of life insurance proceeds from a policy issued by Plaintiff American-Amicable Life Insurance Company of Texas ("AATX") and a cross-claim of defamation. Nikki Davis ("Davis"), the decedent's daughter, and the decedent's wife, Shelia Snyder ("Snyder") dispute who is entitled to the policy proceeds. Davis also alleges Snyder has defamed her.

Now before the Court is Davis's motion for default judgement, damages, attorneys' fees, and costs, and supporting affidavits (Doc. 25). For the reasons below, the Court enters default judgment against Snyder and in favor of Davis in the amount of the insurance proceeds ($100,000 plus interest), and $9,087.78 on the defamation claim.

**Factual and Procedural Background**

Larry Snyder died on May 21, 2016, leaving the proceeds of a life insurance policy (the "Policy"). The Policy application listed Snyder as the designated beneficiary. On April 5, 2015, AATX received a beneficiary change request naming Davis as the primary beneficiary. At the

time of his death, Larry Snyder was in the midst of divorcing Snyder, but the divorce was not final. Both Snyder and Davis filed a claim with AATX for the life insurance proceeds.

On March 31, 2017, AATX filed an interpleader action in the Circuit Court of Cass County, Missouri. On May 7, 2017, Snyder answered, and asserted counterclaims against AATX and a cross-claim against Davis, alleging Davis committed fraud or forgery relating to the Policy beneficiary change form. Subsequently, the case was removed to this Court (Doc. 1), and the cross-claim against Davis was dismissed for failing to state a claim (Doc. 22).

On June 6, 2017, Davis asserted two cross-claims against Snyder (Doc. 17). Count I claimed Davis was the proper beneficiary. Count II alleged Snyder defamed Davis by alleging in court documents and telling members of her community that Davis forged Larry Snyder's life insurance beneficiary change form or exercised undue influence over him, which caused him to sign the beneficiary change form against his wishes. Snyder did not answer the cross-claims against her, and on July 11, 2017, Davis moved for default judgment. After Snyder failed to respond to the Court's Show Cause order, the Clerk entered default against Snyder (Doc. 21).

Davis then moved for default judgment, which the Court granted in part, finding Davis was the proper beneficiary of the life insurance policy and Snyder was liable for defamation (Doc. 24). The Court ordered Davis to file a brief and evidence in support of her claim for money damages and attorneys' fees on the defamation claim.

## Discussion

Although factual allegations in the complaint are generally taken as true, allegations relating to the amount of damages must be proven by the plaintiff, to a reasonable degree of certainty. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). The district court must provide detailed findings regarding damage calculations even in default

2

judgments. *Stephenson v. El–Batrawi*, 524 F.3d 907, 916–17 (8th Cir. 2008) (finding "generic reference to evidentiary support for the damages determination" is insufficient). Plaintiff may prove damages by a sworn affidavit and supporting documentation. *See, e.g.*, *id.* at *2-3 (relying on affidavits from accountant and controller of pension funds and plaintiffs' attorney to enter damages award for ERISA default); *SSM Managed Care Org., L.L.C. v. Comprehensive Behavioral Care, Inc.*, No. 4:12-CV-2386 CAS, 2014 WL 1389581, at *2-4 (E.D. Mo. Apr. 9, 2014) (relying on affidavits of movant's attorney and executive officer as sufficient to establish attorney's fees and costs, and damages from breach of facility provider agreement, respectively).

On October 25, 2017, Davis filed a brief and three supporting affidavits outlining her damages on the defamation claim. Davis seeks medical expenses, lost wages, pain and suffering, and attorneys' fees and costs. These requests, which all pertain to the defamation claim, are discussed below.

**I.     Davis is entitled to recover $154.28 for medical expenses and $462.00 for lost wages.**

First, Davis seeks medical expenses for anxiety and depression. She states defending her reputation in the community and combatting Snyder's false allegations caused her depression and anxiety. She was prescribed anti-anxiety medication and submits receipts of $154.28 for those medications and a doctor visit. *See* (Doc. 25 at 12-13). Davis also seeks $462.00 in lost wages for the seven days she missed work for appointments relating to her medical treatment and meetings with her attorney related with this case.

Actual damages are compensable in a defamation case. *Kenney v. Wal–Mart Stores, Inc.*, 100 S.W.3d 809, 817 (Mo. 2003). The evidence proffered to establish actual damages may not be too speculative and must be founded upon more than the plaintiff's embarrassment or perception of their own reputation. *Id.* "To demonstrate actual damages, plaintiffs must show

3

that the defamatory statement caused a quantifiable professional or personal injury, such as interference with job performance, psychological or emotional distress, or depression." *Id.* at 816 (citing *Arthaud v. Mutual of Omaha Ins. Co.*, 170 F.3d 860 (8th Cir. 1999) (applying Missouri law)).

Davis has shown with evidentiary support, that the medical costs are directly attributable to the defamatory statements. The Court awards her $154.28 for medical expenses. She has also shown these statements caused her to miss work, and so the Court awards her $462.00 in lost wages.

## II.     Davis is awarded $6,160.00 for pain and suffering.

Next, Davis seeks $6,160.00 for pain and suffering stemming from the false statements Snyder made about her. She argues Snyder's conduct was wanton and made in reckless disregard of the truth and made over an extended period of time causing her to lose standing in her community and suffering. To support this claim, Davis includes an affidavit from a community member who states in the summer of 2016, Snyder told him that David had forged Larry Davis's life insurance beneficiary forms. (Doc. 25 at 15).

Actual damages resulting from defamatory falsehood are not limited to monetary loss, and customarily include "impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974); *see Johnson v. Allstate Indem. Co.*, 278 S.W.3d 228, 236 (Mo. Ct. App. 2009) (upholding a jury award of actual damages that included pain and suffering in a defamation case).

"[A]wards for pain and suffering are highly subjective" because "[t]here is no precise or exact measuring stick for calculating general damages for pain and suffering." *Gonzalez v.*

*United States*, 681 F.3d 949, 952–53 (8th Cir. 2012). "Depending upon the fact situation, the range between an inadequate award for pain and suffering and an excessive award can be enormous." *Id.*

Davis concedes, "it is difficult to put an actual number on the pain and suffering" she has endured. (Doc. 25 at 5). The $6,160.00 she seeks is nearly ten times the total amount she seeks for medical expenses and lost wages. Given the nature of the allegations, the size of the community, and the resulting medical conditions, it is reasonable to find Davis has suffered pain and suffering as a result of Snyder's false statements. Thus, the Court awards Davis $6,160.00 for her pain and suffering.

### III. Davis is entitled to recover $61.50 of costs, but attorneys' fees are limited to $2,250.00.

Davis also requests $6,570.00 in attorneys' fees and $61.50 in costs. (Doc. 25 at 5). She seeks attorneys' fees for the entire lawsuit, which includes the interpleader action, defending against Snyder's cross-claim against her, and prosecuting her cross-claims against Snyder. She hired two attorneys, each of whose hourly rate is $225.00 and who worked a total of 29.2 hours.

The rule is that ordinarily attorneys' fees cannot be recovered as damages in the absence of statutory authority or a contract provision. *Munday v. Thielecke*, 290 S.W.2d 88 (Mo. 1956). In the present case, no authorization is given, by either statute or contract, for attorneys' fees.

Davis cites to *Mix v. Broyles*, 567 S.W.2d 696, 699 (Mo. Ct. App. 1978), to support her argument that she is entitled to attorneys' fees because Snyder's "unjustifiable claim caused the litigation." *Id.* However, in *Mix*, as in other interpleader actions, the Court awarded attorney's fees to the stakeholder, the party bringing the interpleader action, not one of the defendants. *Id.*; *see Byers v. Sheets*, 643 F. Supp. 695, 696 (W.D. Mo. 1986) ("As a general rule, the stakeholder who brings an interpleader action is entitled to an award of attorney's fees and expenses.).

5

However, in at least one defamation case, a court allowed a plaintiff to recover attorney's fees to defend against a separate case that was brought as the result of the defendant's false statement. *Wandersee v. BP Products North America, Inc.*, 263 S.W.3d 623, 635 (Mo. 2008) (finding no abuse of discretion where the trial court awarded attorney's fees for plaintiff employee's defense in a criminal case that was charged because of the defendant's false statement).

Davis does not point to any other authority that entitles her to attorneys' fees. Thus, the only attorneys' fees the Court can consider awarding Davis are fees associated with defending a claim brought because of the Snyder's defamatory statements. In this case, that is AATX's interpleader action and Snyder's cross-claim. In defense of the interpleader action, Davis's attorney filed an answer to the complaint and an amended answer to the first amended complaint. In defense of the cross-claim, Davis's attorney filed a motion to dismiss which the Court granted. The Court finds $2,250.00 (ten hours),[1] a reasonable portion of the total attorneys' fees for this work, considering the work required and the results achieved.

Moving next to Davis's request for costs, Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A district court "has discretion in determining and awarding costs in a given case." *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987). But, the "prevailing party is presumptively entitled to recover all of its costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006). The prevailing party bears the burden of persuading the court that the items and amounts sought are compensable under 28 U.S.C. § 1920 or some other authority. *Combs v. Cordish Cos.*, No. 14-

---

[1] Ten hours multiplied by the $225.00 hourly rate is $2,250.00. The Court notes Snyder's cross-claim was vague and lacked specificity, likely requiring Davis to sort through the allegations in order to determine the claims Snyder was asserting against Davis.

0227-CV-ODS, 2015 WL 5096009, at *1 (W.D. Mo. Aug. 28, 2015). Section 1920 identifies six expenses that may be taxed as costs, one is fees for printing. 28 U.S.C. § 1920.

The Court finds Davis is the prevailing party in this action because the Court found in Davis's favor on both counts of her cross-claim. *See* Black's Law Dictionary 1298 (10th ed. 2014) (defining prevailing party as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded"). *See also Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (discussing the term of art "prevailing party" and relying on the definition in Black's Law Dictionary (7th ed.)).

## Conclusion

In sum, the Court enters default judgment against Snyder and in favor of Davis in the total amount of $9,087.78. This amount represents $154.28 for medical expenses, $462.00 for lost wages, $6,160.00 for pain and suffering, $2,250 for attorneys' fees, and $61.50 for printing costs.

**IT IS SO ORDERED**.

Date:  December 7, 2017  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT